## SINGER MANUF'G CO. v. BRILL.

(Circuit Court of Appeals, Ninth Circuit. April 20, 1892.)

No. 49.

1. PATENTS FOR INVENTIONS—VALIDITY—SEWING-MACHINE TREADLES.

The second claim of letters patent No. 128,460, issued July 2, 1872, to A. Brill, for an improvement in sewing-machine treadles, consisting of a combination with "a driving or fly wheel of adjustable bearings," is void for want of invention, in view of the prior state of the art.

2. SAME—APPEAL—QUESTIONS OF FACT.

The first claim of the patent covers a combination of a fly wheel having a short projection or axle at the center on one side, and on the other an arm attached to the wheel a short distance from the center, with a crank returning to the center, and a short projection or axle at the end of the crank; the wheel being held in place by pointed screws passing respectively through one of the standards of the machine, and through a bracket attached to the under side of the table, the screws fitting in conical sockets in the axle. *Held,* that the claim is not void upon its face, although all the elements are old, and that the question whether it produced a new and useful result was a question of fact to be determined by the jury; and their finding that the claim was valid was not reviewable on appeal, since it was supported by some legal evidence. Heald v. Rice, 104 U. S. 737; Lumber Co. v. Rodgers, 5 Sup. Ct. Rep. 501, 112 U. S. 659; and Fond du Lac Co. v. May, 11 Sup. Ct. Rep. 98, 137 U. S. 395,—distinguished.

3. SAME—APPEAL—INFRINGEMENT.

The question whether the second claim was infringed by a machine made under letters patent No. 224,710, issued February 17, 1880, to Miller & Diehl, assignors of the Singer Manufacturing Company, was also a question of fact for the jury, and their finding of infringement upon competent evidence was not reviewable on appeal.

In Error to the Circuit Court of the United States for the Northern District of California.

At Law. Action by Andrew Brill against the Singer Manufacturing Company for infringement of letters patent No. 128,460, issued July 2, 1872, to complainant, for an improvement in treadles for sewing machines. The alleged infringing machine was made under letters patent No. 224,710, issued February 17, 1880, to L. B. Miller and P. Diehl for band-wheel bearings for sewing machines, and by them assigned to the Singer Manufacturing Company of New Jersey. There was a verdict and judgment for plaintiff. Defendant appeals. Affirmed.

M. A. Wheaton, I. M. Kalloch, F. J. Kierce, and F. M. Husted, for plaintiff in error.

J. J. Scrivner, George W. Schell, and C. W. M. Smith, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and KNOWLES, District Judge.

GILBERT, Circuit Judge. A. Brill brought an action at law against the Singer Manufacturing Company to recover damages for infringement of United States letters patent No. 128,460, bearing date July 2, 1872, for an improvement in sewing-machine treadles.

The answer of the defendant pleaded the general issue, and notice was given of special matters claimed to be in anticipation of the patent. The case was tried by a jury, who returned a verdict for plaintiff, fixing his damages at $10,008.30, and judgment was entered for that amount. Although the bill of exceptions contains numerous assignments of error, both as to the ruling of the court upon the testimony and the instructions to the jury, the argument of counsel for the defendant brought to the consideration of the court but two principal questions, to wit, whether the circuit court erred in not directing a verdict for the defendant—First, upon the ground that the plaintiff's patent was void for want of novelty; and, second, because there was no evidence of infringement.

The plaintiff's patent is for an improvement in sewing-machine treadles. The object of his invention, as stated in his patent, is to increase the ease of operating the machine, diminish the noise, and provide a means of readily adjusting the bearing of the driving or fly wheel, so that it may always run true and without shaking. To accomplish these results the plaintiff's improvement combines mechanical devices, none of which was new. His specifications describe a fly wheel or driving wheel having upon the one side, at the center, a short projection or axle; upon the other side an "arm," attached to the wheel a short distance from the center, with a crank returning to the center, with a short projection or axle at the end of the crank. The wheel is held in place by pointed screws, passing respectively through one of the standards of the sewing machine and through a bracket, which is attached beneath the sewing-machine table, and extends downward to a point opposite the center of the wheel. The wheel has conical sockets, in which the points of the screws are inserted and adjusted. The claims of the patent are two. The first is for a combination including as separate and distinct elements the wheel, "C," arm, "E," bracket, "B," standard, "H," and screws, "G, G;" the second claim is for the combination with "a driving or fly wheel of adjustable bearings."

On the trial the defendant put in evidence several prior patents, claimed to be anticipatory of the plaintiff's patent, and also as showing the state of the art in that class of machinery at and prior to the date of plaintiff's invention. One of these prior patents shows in the drawings a combination of a fly wheel and crank shaft and adjustable screws passing through the standards at either end of the machine. It is a patent for a sewing-machine brake, and its purpose is to make it impossible for the fly wheel to turn backward. It contains no description of the adjustable screws, and no claim is made for their use in combination or otherwise. The drawings, however, plainly show that the shaft is supported and turns upon screw points similar to those employed by plaintiff. Another of these older patents is for a turning lathe, in which a combination of the fly wheel with a crank shaft and adjustable screws upon the ends of the shaft plainly appears. A third is for a fly wheel with shortened axle, one end of which is supported by a bracket, but no adjustable screws are employed. Owing to the existence of these prior patents, and the state of the art as evidenced by them, the

plaintiff's second claim. for a combination with "a driving or fly wheel of adjustable bearings," under his own admissions, is clearly without merit. The validity of the first claim depends upon whether or not the plaintiff brought together the mechanical devices which he claims in a new and useful manner, or in a shape or form which produced results different from those which had been produced before. This question was submitted to the jury under proper instructions from the court, and we have not the power to disturb their verdict.

It is urged on behalf of the defendant that the court below should have instructed the jury to return a verdict for the defendant, and that the refusal so to instruct is error for which this court may reverse the judgment. Since the adoption of the seventh amendment to the constitution, declaring that no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law, the supreme court has repeatedly affirmed the doctrine that upon writ of error the federal courts are confined to the consideration of exceptions to the evidence and to the instructions given or refused to the jury, and that they have no concern with questions of fact, or the weight to be given to the evidence which was properly admitted. Parsons v. Bedford, 3 Pet. 436; Barreda v. Silsbee, 21 How. 167; Railroad Co. v. Fraloff, 100 U. S. 31; Insurance Co. v. Ward, 140 U. S. 91, 11 Sup. Ct. Rep. 720.

Where there is any evidence whatever to go to the jury upon an issue of fact, the refusal of the court to instruct the jury to return a verdict for the defendant is not reviewable in this court. There is nothing in the case before the court to make it an exception to the rule. The defendant relies upon Heald v. Rice, 104 U. S. 737; Lumber Co. v. Rodgers, 112 U. S. 659, 5 Sup. Ct. Rep. 501; and Fond du Lac Co. v. May, 137 U. S. 395, 11 Sup. Ct. Rep. 98,—as sustaining a contrary doctrine. In Heald v. Rice the action was brought for alleged infringement of reissued letters patent. One of the defenses relied upon was that the reissued letters described an invention different from that covered by the original patent. This was a question of law for the court, to be determined by a comparison of the two instruments. The decision of the supreme court went no further than to hold that the reissued letters patent should have been held to be void, and that the jury should have been instructed to return a verdict for defendant. To the same effect was Lumber Co. v. Rodgers. In the case of Fond du Lac Co. v. May the supreme court expressed the opinion that the court below should have directed a verdict for the defendant, and that the judgment must be reversed, but expressly based the decision upon the ground that the patent was void. The patent in that case was for "an improvement in the construction and operation of prisons." The invention was claimed to consist in the interposition of a grating between the jailer and the prisoner at every stage of opening and closing the cell doors. Every element of the combination was admitted to be old. The court held, upon the plaintiff's own testimony, that the patent was void, for the reason that the interposed grating was made part of the combina-

tion solely for the protection of the keeper, and had nothing to do with locking or unlocking the doors, and that the mechanical devices adopted to produce that result acted precisely the same without the grating as with it. In other words, the court held that there was no patentable combination between the grating and the devices. Neither of those decisions is a precedent for the case under consideration. There was nothing upon the face of the plaintiff's patent to show that it was invalid. The questions of the novelty and utility of the plaintiff's invention were not questions of law to be determined by the court, but were issues of fact to be submitted to the jury. It cannot be said that there was no evidence to support the verdict. The plaintiff's invention, if any there was, consisted in shortening or dispensing with the wheel shaft, which, in combination with adjustable screws, had, before his invention, extended from one standard of the machine to the other. He thus brought the adjustable supports of the wheel nearer together, dispensing with a considerable amount of material, which could only add to the weight, the friction, and the cost, and bringing the point of application of the treadle bar to a central position between the two points of support of the wheel, thereby increasing the ease of operation of the machine. It may be conceded that the plaintiff's combination approaches very closely the line which separates that which is patentable from that which is not, and that the amount of invention involved in it is small. The patent, however, was prima facie evidence of its own validity, and the burden of proof was upon the defendant to establish its want of novelty. Cantrell v. Wallick, 117 U. S. 690, 6 Sup. Ct. Rep. 970; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486; Lehnbeuter v. Holthaus, 105 U. S. 94.

There was evidence that the plaintiff's machine was used to a very considerable extent by manufacturers; that the plaintiff sold numerous shop rights for its use; and that he manufactured and sold a number of his wheels with their adjustable bearings. There were witnesses who testified to the novelty and the utility of his invention. There is testimony that the wheels in use prior to his invention were unsatisfactory; that they were difficult to operate, and were noisy in operation; and that a considerable amount of attention was bestowed upon the question of their improvement during a period of several years antedating his patent. All these facts may be taken into consideration in a doubtful case. Topliff v. Topliff, 145 U. S. 164, 12 Sup. Ct. Rep. 825; Loom Co. v. Higgins, 105 U. S. 591; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 495.

There was evidence, also, of infringement by the defendant, and that question was properly submitted to the jury under correct instructions from the court. The patent under which the defendant was manufacturing wheels when the action was commenced was issued February 17, 1880. It is a patent for "an improvement in bandwheel bearings for sewing machines." The specifications show that the results sought to be accomplished thereunder were substantially the same that are arrived at in the plaintiff's patent, namely, "to do away with the rattling of the band wheel, and to reduce the friction;

also to simplify and condense the parts, lessening the cost, and avoiding the complications of the antirattling journals in use."

It is claimed that the combination used in the defendant's patent differs essentially from that covered by the plaintiff's patent in several distinct particulars: First, that the defendant dispenses with the bracket; second, that it dispenses with the arm, "E," which is attached to plaintiff's wheel, and made a part of his combination; third, that, instead of two adjustable screws, the defendant uses but one, and in the machines manufactured under its patent prior to 1886 it used no adjustable screw whatever. The plaintiff's patent being a patent for a combination of old devices, the question of the infringement depended upon whether or not the changes from that combination adopted in defendant's wheel were merely changes in form, or such as arose from the substitution of equivalents. The defendant had the right to make improvements upon the plaintiff's combination, and defendant's patent cannot be held to be an infringement if it presents a new combination of the elements that are found in plaintiff's patent, or substitutes for one or more of the same a new ingredient, performing a new function. But the changes adopted in the defendant's device were evidently found by the jury to be merely formal. The jury must have found that by substituting one screw or an adjustable slide or lug for the two adjustable screws of plaintiff's patent the defendant accomplished all the results of that feature of plaintiff's combination by an equivalent device, and that the deflection of the defendant's axle to form the crank is but a change in form from the plaintiff's arm, "E," which is attached to the side of the wheel, and that the defendant's brace brings the point of support of the wheel to the same relative position it would occupy if the plaintiff's bracket were used. There was evidence before the jury to sustain this view. There was testimony to the effect that all of the devices employed by the defendant were the same as plaintiff's device, with the exception of slight changes in form, which performed no new functions, and which accomplished all the results attained by the plaintiff, with no improvement in operation, and no perceptible advantage in construction or cost; and that it was wholly immaterial whether there were two adjustable screws, or one adjustable screw, or an adjustable lug, whether the treadle were attached to an arm affixed to the wheel out of its center, or to an axle passing through the center, and deflected away therefrom, to form the treadle crank, or whether the support were a brace or a bracket. In short, the jury must have found that the improvement or invention of plaintiff, if any there was, consisted, in its essential features, in combining the advantage of adjustable screws, whereby friction and noise were lessened, and opportunity was afforded to adjust and take up lost motion, together with an axle so shortened as to leave only length for support upon both sides of the wheel, and room between for the central and even operation of the treadle crank, and that these are likewise the essential features of the defendant's wheel. There being no error in the rulings or charge of the court, the judgment must be affirmed, with costs to the defendant in error.