## SAN FRANCISCO BRIDGE CO. v. KEATING.

(Circuit Court of Appeals, Ninth Circuit. April 29, 1895.)

### No. 165.

1. PATENTS — ACTION AT LAW FOR INFRINGEMENT — PROVINCE OF COURT AND JURY.

In an action at law for infringement, where the question whether the patent sued on discloses any invention is a doubtful one, it is proper for the court to submit the same to the jury under proper instructions as to what constitutes invention.

2. SAME — EXCAVATORS.

The Keating patent, No. 180,718, for an improvement in excavators, *held* valid in respect to the fourth claim. (Sustaining the verdict of the jury upon the question of invention.)

In Error to the Circuit Court of the United States for the Northern District of California.

This was an action at law by Dennis Keating against the San Franciso Bridge Company for infringement of a patent relating to excavators. In the circuit court there was a verdict for plaintiff upon the first and fourth claims of the patent, and judgment was entered accordingly. Defendant brings error.

R. Percy Wright, for plaintiff in error.

J. J. Scrivner, for defendant in error.

Before GILBERT, Circuit Judge, and HANFORD and HAWLEY, District Judges.

HAWLEY, District Judge. This is an action to recover damages for an infringement of letters patent No. 180,718, issued to Dennis Keating, the defendant in error, August 8, 1876, for an "improvement in excavators." There are eleven claims in the patent, only four of which—1, 4, 7, and 9—were claimed at the trial to have been infringed by the plaintiff in error. The court withdrew from the jury any consideration of the seventh and ninth claims, and, under proper instructions, submitted to the jury the question as to whether there was any invention in the first and fourth claims. The jury found the fourth claim to be valid; that it had been infringed; and

Fig. 1.

assessed the damages at $250. It is claimed by the plaintiff in error that the fourth claim, upon which the verdict and judgment are based, is void, because it does not disclose any patentable invention. This claim reads as follows:

"(4) In combination with the tramway, F, and support, M', the earth guides, N, N, arranged as shown, for the purposes specified."

All that is stated in the specifications with reference to the elements embraced in this claim is as follows:

"The tramway, F, extends from shaft, P, to shaft, P', and is supported on said shafts by forked bearings, M, M', in the manner shown. * * * When

any considerable length is required of the endless chain and buckets, H, J, more buckets and sections of chain are added, and extra sections of tramways and extra standards, E', introduced between the wheels, L, and L³, and extra supports are added to the tramway by the addition of shafts, P⁴, which are attached to such extra standards, E', of Fig. 1. The lower tramway, F', is supported by means of the stay braces, G, G', G², as shown, and the lower tramway, F', is provided with rollers to support and allow the buckets, J, to pass freely over them. To the front end of the upper tramway is attached two side boards, N, with suitable standards. These side boards are designed to catch the earth as it falls from the buckets, H², and guide the earth into the buckets, J."

The position of the tramway, F, of the supports, M, M', and the earth guides, N, are shown in the drawings annexed to the patent. The contention of the plaintiff in error is that the fourth claim is for a mere aggregation, and not for a patentable combination; that there is nothing in the claim beyond a mere grouping together of separate portions of a machine, which do not co-operate to produce any new result, and the combination of which does not change or affect in any degree the action of any of the portions separately; that it was the duty of the court to pass upon the validity of the claim, and determine whether it described a patentable invention as matter of law; and that the court erred in refusing to instruct the jury, as requested by the plaintiff in error, to find a verdict for the defendant on the fourth claim, because the elements described therein did not constitute a patentable invention. There is no testimony in the record except the patent, but it affirmatively appears that other testimony was introduced.

The court instructed the jury, among other things:

"Invention is that which brings out of the realms of the mind something that never existed before. It may consist in the combination of old elements, the invention being in the combination. To make it so, there must be a joint action or operation of the elements,—i. e. the elements must co-operate or act jointly to produce the result or object of the combination,—or else the assembled elements is a mere aggregation, and is not patentable. It is not necessary, however, that their action should be simultaneous. They may be successive."

This instruction is admitted to be correct. Did the court err in submitting this question to the jury?

In Standard Oil Co. v. Southern Pac. R. Co., the court said:

"The dividing line between mere aggregation and patentable combinations is well established. Every case must fall upon one side or the other. No case stands directly on the pivotal line. But the facts are often of such a character as to make it difficult to determine upon which side of the border line the case should be classed. This difficulty arises in the application of the facts to the principles of law so frequently announced by the supreme court of the United States. If the question is considered doubtful, the court should overrule a demurrer to the bill, in order to have the question fully presented upon the final hearing." 48 Fed. 110.

See, also, Engraving Co. v. Hoke, 30 Fed. 444; Blessing v. Copper Works, 34 Fed. 753; Root v. Sontag, 47 Fed. 309.

In Manufacturing Co. v. Brill, 4 C. C. A. 374, 54 Fed. 383, the court of appeals said:

"It may be conceded that the plaintiff's combination approaches very closely the line which separates that which is patentable from that which is not, and

that the amount of invention involved in it is small. The patent, however, was prima facie evidence of its own validity, and the burden of proof was upon the defendant to establish its want of novelty." Smith v. Goodyear Co., 93 U. S. 486; Lehnbeuter v. Holthaus, 105 U. S. 94; Cantrell v. Wallick, 117 U. S. 690, 6 Sup. Ct. 970; 3 Rob. Pat. § 1016.

In National Cash-Register Co. v. American Cash-Register Co., 3 C. C. A. 559, 53 Fed. 371, the court of appeals (Third circuit) said:

"We have not overlooked the suggestion of appellee's counsel that Campbell's conception and arrangement were merely of an aggregation of known elements, not amounting to a true combination, and that, therefore, he was not entitled to a patent for anything. This suggestion is based upon the allegation that each of the elements associated by Campbell does not qualify every other of them; but this is true only in the sense that each does not modify or change the characteristic mode of action or method of operation of the others. In doing its appointed share towards effecting the single result achieved by the co-operation of all, each element acts, of course, according to the law of its own being; but, though of necessity so acting, it is still none the less combined with the others, and does 'qualify' each and all of them (not their distinctive methods of operation), in the sense that each is, by the co-operation of the others, capacitated to contribute, by acting in its own peculiar way, to the common end, which, without the co-operation of each and every other of the co-ordinated elements, it would be powerless to accomplish or advance."

In the light of the principles announced in the foregoing cases, we are not disposed to disturb the judgment in this case. The validity of the fourth claim may be conceded to be doubtful and close. But we cannot say, as matter of law, that it appears, from the face of the patent, that this claim is so plainly void for want of invention that it could not be aided by evidence. The court did not err in submitting the question to the jury. The judgment of the circuit court is affirmed, with costs.