## HALLIBURTON et al. v. INDEPENDENT OIL WELL CEMENTING CO.

## SAME v. UNIVERSAL OIL WELL CEMENTING CO.

### Nos. 1102, 1106.

District Court, W. D. Oklahoma.
Oct. 4, 1930.

Ben F. Saye, of Duncan, Okl., Lyon & Lyon, of Los Angeles, Cal., and Blakeney, Ambrister & Wallace, of Oklahoma City, Okl., for complainants.

Arthur C. Brown, of Kansas City, Mo., and Hall & Thompson, of Oklahoma City, Okl., for defendants.

POLLOCK, District Judge.

The above suits are brought by plaintiffs to obtain decrees restraining infringement of letters patent Nos. 1,486,883 and 1,500,380; the latter patent being a combination patent, and a continuation of the former application for the patent first named, the same having been pending at the same time, the second patent being and covering the adaptation of the principles of the first to the cementing of oil wells by the use of certain specific appliances and apparatus employed in the doing of such useful work.

The defenses pleaded in the above cases are the same: First, the invalidity of the patents of plaintiff; and, second, noninfringement by defendants.

As the cases are identical in principle, they were heard and are considered as one case.

The patentee appears from the record to have had what might, for want of a better term, be called "hard sledding" in the Patent Office; the claims of the first patent having been three times rejected, and the claims of the application having been as many times amended, so that the claims of that patent are quite restricted in meaning and extent. The substantial patentable idea covered by the several claims of the first patent is found to be narrowed down to this, to wit: The mixing of cement or other material with water solely by the use of the water coming in contact with the cement through jets under pressure at a high velocity. An examination of the process employed by defendants shows the employment of certain mechanical appliances in conjunction with the use of water passing through jets under pressure. It is the contention of plaintiffs the mechanical appliances employed by defendants in their mixers in conjunction with jets of water under pressure do not aid in the accomplishment of the purpose of mixing the cement. On the contrary, that the mechanical appliances employed by defendants in their mixers may be removed, stopped, or dispensed with in operation and the jets of water alone and unaided by mechanical appliances will perform the work.

One thing is certain, any mechanical appliance used in the doing of the work of mixing the cement employed by defendants is no infringement upon the rights secured by plaintiffs under the patent first mentioned. The question first presented is this: Is the first of plaintiffs' patents valid for the purpose of protecting them in the use of water introduced into the mixing chamber under pressure as claimed in the first of plaintiffs' patents above mentioned? Defendants claimed in order that the first of plaintiffs' patents above mentioned may be decreed valid it must be shown:

"(1) That defendants employ a high velocity stream of water.

"(2) That such high velocity stream of water creates a region of substantial vacuum in the mixing chamber.

"(3) That solely due to such substantial vacuum thus created, cement is inducted from the hopper into the mixing chamber, without the aid of mechanical parts.

"(4) That the mixing of the cement and water is accomplished solely by the high velocity of the streams of water in defendants' mixers, without the aid of mechanical parts.

"(5) That the mixture is discharged from the mixing machine of defendants solely by the force of the high velocity stream of water, without the aid of mechanical parts."

In so far as the first of these propositions is concerned, there is neither contention nor doubt.

As to the second, there can be no doubt but that the high velocity jet of water coming in contact with the cement does drag or carry the cement along with it, thus allowing the cement to fall by the force of suction and gravity into the water because of the cement, before falling into the water, having been carried or dragged onward by the force of the stream of water. Whether the force of the water causes what in strict meaning may be denominated a vacuum or is arrived at by suction may admit of some argument; but that the current of water does produce a suction which does remove the cement from obstructing other cement coming down out of the hopper and passing along with the current of water until properly mixed with the water there can be no room for doubt or argument. That this mixing is done by plaintiffs' device solely through the cement coming into contact with the jet of water flowing under pressure unaided by a mechanical mixing appliance is also clear from the proofs and the demonstration made to aid the court on the trial of the cases. And, further, that the mixture is carried and discharged from the mixing device by the force of the current of water is equally clear. Therefore, I am of the opinion all the test propositions as above stated by defendants, going to the validity of the first patent in suit, are substantially met by plaintiff's process. Not only so, but I am of the opinion the Scott machine introduced on the trial was a purely mechanical mixer, and did not in any manner employ the hydraulic principle of plaintiffs' process.

█ On all the proofs I am of the opinion the hydraulic principle employed in the patent of plaintiffs, No. 1,486,883, was at the time patented by Halliburton new, novel, and extremely useful in the doing of the work of cementing oil wells, and others of like nature, for, so soon as employed, it came into extensive use and very largely bettered the quality of the cement mix, and allowed greater rapidity in the doing of the work. In so far as this principle is employed by plaintiffs as claimed in their patent, I am entirely satisfied it is valid and infringed by defendant's mixing machine, and must be so decreed.

█ In so far as the patent No. 1,500,385 is concerned, it is not seriously contended the same is not infringed, if valid, by defendants' device, but the contention of defendants is this patent is not valid because it is claimed by plaintiffs to be a combination patent, whereas it is the contention of defendants, instead of the claims of this patent being claims for a combination patent, the claims and the device employed is a mere aggregation of parts; hence not patentable. Now, as no particular method of employing the new principle of hydraulic pressure secured by plaintiffs in their first patent is therein claimed, it is seen, while the application for the first patent was pending, the second was made and pending for the purpose of providing a method for use of the principle protected by the first patent in actual use in cementing oil wells and for other like purposes. It is true, in the mixing of the cement the high velocity jets of water are formed by the use of one pump, and the delivery of the cement, after being mixed, by force of a second or delivery pump, they are both employed to complete the process of mixing and delivery to the work. However, for this reason they are not used in any sense independently of each other, but are employed synchronically to accomplish the purpose desired of mixing and furnishing cement to the work. That the claims of the patent under which this purpose is accomplished are valid, and that the patent discloses a valid combination, in so far I am fully persuaded by the authorities. Forbush v. Cook, 2 Fish. Pat. Cas. 669, Fed Cas. No. 4931, opinion by Justice Curtis; Holmes Alarm Tel. Co. v. Domestic Tel. Co. (C. C.) 42 F. 220, 226; San Francisco Bridge Co. v. Keating (C. C. A.) 68 F. 351, 353; E. J. Manville Mach. Co. v. Excelsior Needle Co. (C. C. A.) 167 F. 538; Novelty Glass Mfg. Co. v. Brookfield (C. C. A.) 170 F. 946.

I may add, the record discloses both patents in suit were fully litigated in the Southern District of California with the same conclusion here reached.

It follows, a decree for plaintiffs must enter as prayed, holding the patents in suit valid to the extent above stated, and for an accounting as prayed. It is so ordered.