Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 The plaintiff's title, and the one upon which he must succeed against the defendant, if he succeeds at all, rests upon
 
 *687
 
 a patent for improvements in a machine for harvesting clover and grass-seed; which improvements, after a.full and fair .trial, resulted in unsuccessful experiments, and which were finally abandoned. They never went into any useful or1 practical operation, and nothing more was heard of . them from Steadman or any other person, for a period of six years. -At the end of this period the plaintiff* takes an assignment of the patentee, and is,-doubtless, vested" with all his rights. But what were those rights? Clearly, if any other person had chosen to take up the subject, of the im? proveménts, where it was left off by Steadman, he had a right thus to enter upon it, and if successful, would be entitled to the merit of them as an original inventor, for'he is the first inventor, and entitled to the patent, who, being an original discoverer, has first perfected and adapted the invention to actual use.
 
 *
 

 Hence, if Dinsmore’s patent was later tüan that of Stead-man, and was for similar improvements, .it would constitute a perfect defence against the shit in the present case, as,the plaintiff is obliged to rely wholly on this assignment of Stead? man, and stands in his footsteps, and has no better title. But the fact is otherwise. Dinsmore’s invention goes back-to (lie-year 1850. His first machine, was successfully tried in the' harvest of that year. Some twenty-one were made in the year 1851, and from fifty to sixty in 1852. Steadman’s caveat-was even not filed in the Patent Office til} after Dins-more’s patent was issued. The present defendant derives his title from Diusmore. The case is too plain to require any extended examination.
 

 Decree Aeeírme».
 

 *
 

 Curtis on Patents, § 43, p. 37, and notes.