## LEHNBEUTER *v.* HOLTHAUS.

1. Letters-patent granted by the United States are, as against an infringer, *prima facie* evidence of the novelty and utility of the device or invention for which they were granted.
2. Letters-patent No. 8814, granted Nov. 30, 1875, to Joseph Lehnbeuter and Casper Claes for a design for show-cases are valid.

APPEAL from the Circuit Court of the United States for the Eastern District of Missouri.

The bill, filed by Joseph Lehnbeuter and Casper Claes, charged Arnold Holthaus and Anton Holthaus with infringing design patent No. 8814 for show-cases, granted to the complainants jointly, and dated Nov. 30, 1875.

The answer denied that the complainants were the first inventors of the design patented; denied its utility, and the alleged infringement. To sustain these denials all the testimony offered by the defendants was directed.

Upon final hearing the court dismissed the bill, because "said letters-patent were not good and valid in law," and the complainants appealed.

The record contains certain stipulations in respect to the evidence.   These are: —

"That the following exhibits may be produced by either party at the hearing upon an appeal in the Supreme Court, and used in evidence as a portion of the transcript herein, viz.: 'Defendants' Exhibit, Wiegal Catalogue,' and 'Defendants Exhibit, Maws' Price Current;' also, 'Design Patents Nos. 8287, 8813, and 8814;' also, 'Complainants' Exhibit Holthaus Circular.'

"That it shall be taken, as admitted for the purposes of this case, that said exhibits, 'Wiegal Catalogue' and 'Maws' Price Current,' were issued prior to January, 1874.

"That the circular marked 'Complainants' Exhibit Holthaus Circular' is a copy of circulars issued by the defendants in the month of July, 1877, and subsequently thereto; that the cuts therein correctly represent show-cases made and sold by the defendants in St. Louis, within said Eastern District of Missouri, during and after January, 1877, and before the commencement of this suit, and still made and sold by them; also, that the circular marked 'Complainants' Exhibit Claes & Co., Circular,' is a copy of a publication issued and circulated by complainants in the month of September, 1875, and subsequently thereto; also, that the model marked on bottom 'Complainants' Exhibit Model No. 1,' under the hand of the same notary, correctly represents show-cases made and sold by defendant in said St. Louis during and after the month of January, 1877, and before the commencement of these suits."

The only witness in the case was Charles K. Pickles, who testified for the complainants that he made the original drawings from which the plates were made of the cuts 33, 34, and 36 of the Holthaus circular; that he made the drawings for Holthaus, the defendant, who gave him cuts from Claes & Co.'s circular, from which to make the plates or prints, and that there were slight changes suggested by Holthaus, which the witness followed in making the drawings.

The Wiegal Catalogue, Maws' Price Current, the Holthaus

Circular, and the design patents, numbered respectively 8287, 8813, and 8814, with their drawings, the first granted to Joseph Lehnbeuter, and the other two to Lehnbeuter and Claes, the complainants, were put in evidence. The one last named was that on which this suit was brought.

Mr. *Robert H. Parkinson* for the appellants.

There was no opposing counsel.

MR. JUSTICE WOODS, after stating the case, delivered the opinion of the court.

A comparison of the drawing which is appended to patent No. 8814, with cut No. 34 of the Holthaus Circular, which it is admitted represents show-cases manufactured and sold by the defendants, during and since January, 1877, makes it clear that the latter is a servile copy of the former, excepting a slight inclination backwards, hardly perceptible to the naked eye, of the glass constituting the front of the elevated portions of the case. We think, therefore, that the infringement is clearly established.

The attempt to prove that the complainants were not the first inventors of the design covered by their letters-patent has entirely failed. The only evidence offered on this branch of the defence are the publications designated as Maws' Price Current and the Wiegal Catalogue. The first of these bears date in 1869, and the latter in 1872. After a careful search through both, we have been unable to find any design for a show-case which remotely resembles that described in the complainants' patent.

The design patented by the complainants differs essentially from any other which has been called to our attention. It is not covered by the other patents which are set out in the record. Whether it is more graceful or beautiful than older designs is not for us to decide. It is sufficient if it is new and useful.

The patent is *prima facie* evidence of both novelty and utility, and neither of these presumptions has been rebutted by the evidence. On the contrary, they are strengthened. No anticipation of the design is shown, although the attempt has been made to prove anticipation. The fact that it has been

infringed by defendants, is sufficient to establish its utility, at least as against them. *Whitney* v. *Mowry*, 4 Fish. Pat. Rep. 207.

Our conclusion is that the complainants have a valid patent which the defendants have infringed. The decree of the Circuit Court dismissing their bill must, therefore, be reversed, and the cause remanded for further proceedings in conformity with this opinion ; and it is

*So ordered.*

MR. JUSTICE GRAY did not sit in this case, nor take any part in deciding it.