Phillips and others *v.* Carroll and others.

(*Circuit Court, W. D. Pennsylvania.* March 2, 1885.)

1. PATENTS FOR INVENTIONS—PATENT NO. 227,061—INFRINGEMENT.

The first claim of complainants' patent, viz., in a flanging-machine the extension of the lower roll beyond the end of the upper roll for the support of the plate at the point of bend and to prevent the formation of a ridge or bead, *held* to be infringed by a machine which, before set to work, has the outer faces of the two rolls flush, but is so organized that, as the table upon which lies the plate to be flanged is raised to a perpendicular, the upper roll is pushed back the thickness of the plate.

2. SAME—ANTICIPATION.

The defense of anticipation considered, and *held* that the evidence shows a failure to reduce the conception to practical use and its abandonment, thus leaving the field of invention open to others.

**3. SAME—INVENTION.**

*Held, further,* that the patented improvement here involved more than the employment of mere mechanical skill, and may fairly be ascribed to the exercise of the inventive faculty.

**4. SAME—DEFENSE OF WANT OF UTILITY.**

Parties who employ a patented device ought not to expect a defense resting upon an alleged want of utility to find much favor with the court.

In Equity.

*George H. Christy* and *Bakewell & Kerr,* for complainants.

*D. F. Patterson, John Barton & Son, Jas. T. Kay,* and *Burleigh & Harbison,* for respondents.

ACHESON, J. This suit is upon letters patent No. 227,061, granted April 27, 1880, to the complainants (as assignees of Russell and Mc-Donald, the inventors) for an improvement in flanging-machines. The invention, the specification declares, relates to the class of machines referred to in letters patent No. 166,715, issued August 17, 1875, to R. C. Nugent and others, and is designed to obviate an obstacle to the successful use of such machines arising from the tendency of the plate, while being flanged, especially if very heavy and very hot, to sag down a little, so as to form just outside the end of the lower roll an annular bead, bulge, or projection on the exterior base of the flange. To overcome this practical difficulty, and prevent the sagging action and bulging effect, the inventors lengthen the lower roll so that its outer end will extend beyond the outer end of the upper roll a distance equal, or nearly equal, to the thickness of the plate to be flanged, thus affording a proper support to the plate.

The first claim of the patent reads thus:

"(1) In a flanging-machine of the kind herein described, the extension of the lower roll beyond the end of the upper roll, in order to the better support of the plate at the point of bend, and prevent the formation of a ridge or bend, substantially as set forth."

The infringing machine, (which undoubtedly is of the same general kind described in the patent,) when at rest and before set to work, has the outer faces of the two rolls flush, or even, but the shaft of the upper roll is provided with a spiral spring, and as the table upon which lies the plate to be flanged is raised to a perpendicular, the upper roll is pushed back the thickness of the plate. Obviously, by means of this yielding spring the two rolls of the defendant's machine, during the operation of flanging, assume in respect to each other the relationship specified in the complainant's patent, and the practical result thereby contemplated is thus secured. It is therefore plain that the defendant's machine, as an operative apparatus, embodies the Russell and McDonald invention as embraced in their first claim. It indeed may be (although under the proofs this is an open question) that an automatic upper roll has an advantage over a rigid roll; but it is hardly necessary to say that the defendants are none the less infringers because of added improvements to the patented device. *De Florez* v. *Raynolds,* 3 Ban. & A. 292.

The defendants, however, maintain that Russell and McDonald were not the original and first inventors of the improvement here in question. To sustain this defense, reliance is placed upon the testimony of R. C. Nugent, as to his prior use of a lower roll having a supporting extension. The only instance of the use of a machine thus organized, of which he speaks with any degree of certainty, was the case of a small machine which he exhibited at the Cincinnati exposition. He says he had an idea the lower roll should project for the plate to rest on, and in that machine he allowed it to stick out he thinks about three-quarters of an inch beyond the top roll; but finding the extension of no use, and indeed an impediment, he had it cut off. This machine, it must be remembered, was not flanging for the market, but was merely on exhibition. Moreover, such light work as it did was cold flanging. It had nothing to do with the treatment of heavy hot plates. If, then, we should accept all that Mr. Nugent says on this subject as strictly true, it still follows, from his own account of the matter, that he not only failed to reduce his idea to practical use, but after an unsuccessful experiment abandoned his conception. Hence this field of invention was left open to others to enter. *Whitely* v. *Swayne*, 7 Wall. 685.

Again, it is contended that the supporting extension of the lower roll is within the scope of the prior Nugent patent, (No. 166,715,) and that, at the most, this improvement involved merely the exercise of ordinary mechanical skill. We search, however, the Nugent patent in vain to discover any suggestion or hint that the lower roll is to be extended beyond the end of the upper one, or that any useful purpose would thereby be subserved. On the contrary, the drawing shows the two rolls to be so arranged that their outer ends are in the same vertical plane, and the specification describes them as projecting an equal distance beyond the outside of the frame-work. The complainants, who had acquired the Nugent patent, in operating a flanging-machine built under it, experienced the practical difficulty already mentioned from the formation of a bead or ridge around the outside of the flanged plate. The solution of the problem, how to obviate this defect, involved—*First*, the discovery of the cause thereof; and then the application of an appropriate remedy. Now, the evidence indicates that neither the one nor the other was obvious. Indeed, the expert witnesses in this case yet differ as to the cause; and it is shown that it was not until after an experimental use of the complainants' original machine, extending over a period of perhaps several months, that the difficulty was met by the arrangement of the rolls devised by Russell and McDonald. I think, then, the improvement may fairly be ascribed to the exercise of the inventive faculty, and that it is the subject of letters patent within the general rule laid down in *Loom Co.* v. *Higgins*, 105 U. S. 580.

It is, however, strenuously urged that the organization of the rolls, as specified in Russell and McDonald's first claim, does not in fact

prevent the formation of the objectionable bead or ridge. But surely such allegation comes with ill grace from parties who have seen fit to copy this arrangement. If it is inefficacious, why do they use it? To this searching query no satisfactory answer has been given. The defendants' witnesses say the admitted difficulty arising from the formation of the bead or ridge can be and is obviated by placing the pivotal point of the table which holds the plate in a certain position with reference to the flanging rolls. I am by no means persuaded that in this they are correct. But if they are right, the defendants are at liberty to resort to that mechanical arrangement. So long, however, as they employ the patented improvement they ought not to expect a defense resting upon an alleged want of utility to find much favor with the court. But I may add that upon the question of utility the weight of the evidence, in my judgment, is clearly with the complainants.

Having reached the foregoing conclusions as respects the first claim of the patent in suit, I deem it unnecessary to determine whether or not there has been infringement of the second claim.

Let a decree be drawn in favor of the complainants.