HAUGHEY *v.* MEYER.

*(Circuit Court, E. D. Missouri, E. D.* December 28, 1891.)

1. PATENTS FOR INVENTIONS—NOVELTY—UTILITY.

Letters patent No. 379,644, issued March 20, 1888, to Michael Haughey, for an improved device to prevent interfering by horses, and consisting of a boot buckled around the leg just above the pastern joint, and having attached to it short pendant straps on which are strung small rubber balls, covers a new and useful invention.

2. SAME—PRIOR USE—EVIDENCE.

Although the defendant in a suit for infringement adduced considerable evidence of prior use, the fact that he was unable to produce a single device antedating the patent deprived his evidence of the certainty required to overthrow a patent.

In Equity.   Suit by Michael Haughey against Leopold Meyer for infringement of a patent.   Decree for complainant.

The letters patent in controversy in this case are No. 379,644, dated March 20, 1888, and were granted and issued to the complainant, Michael Haughey, for a new, improved, interfering device for horses. The claim of this patent broadly covers the use of a dangle or pendant, attached to an interfering boot, and is as follows, viz.:

"The interfering device consisting of the pendant made of rubber, wood, or other suitable material, loosely jointed to the strap passing around the leg of a horse, substantially in the manner shown and for the purposes set forth."

The infringement complained of in this case consisted in the sale and use of an interfering boot—which was shown in evidence to have been made by a manufacturer in Newark, N. J.—provided with a pendant, whereby it infringed the broad claim of the patent.

*Edward J. O'Brien*, for complainant.

*T. C. Woodward*, for defendant.

THAYER, J., (*orally.*)   This is a suit to restrain the infringement of a patent covering a device to prevent horses from interfering.   The device consists of a strap, or, rather, a boot, so made as to be buckled around the limb of a horse, just over or above the pastern joint, and to this boot is attached a short pendant consisting of a leather string, on which are strung several small rubber balls.   It is claimed that, by the use of this device on a horse that has contracted the habit of interfering, the habit may be cured.   The patent creates the presumption of novelty and utility, and there is considerable testimony in the case strengthening the presumption.   Several horsemen testify from experience as to the usefulness of the invention in correcting the habit of interfering.

The defense made by the defendant, that is to say, the only defense relied upon, is that of prior use, and want of novelty.   It is claimed that a device similar to the patented device, and embodying the same principles, had been in use for 20 or 30 years before the date of the alleged invention.   The defense has not been made out to my satisfaction.   It seems to me that, if a similar device had been in use before the date of the invention, (as witnesses claim,) it would have been quite possible for the defendant to have produced a sample of the device, which, as he claims, antedated the complainant's patent. Although the defendant took a great deal of testimony to establish prior use, yet he did not succeed in producing a single sample boot that antedated the complainant's letters.   Therefore the defense of prior use and want of novelty has not been established by that kind of evidence and with that certainty which the law requires, and complainant is accordingly entitled to a decree.