PACIFIC CABLE RY. CO. *v.* BUTTE CITY ST. RY. CO.

(*Circuit Court, D. Montana.* November 21, 1892.)

No. 18.

1. PATENTS FOR INVENTIONS—ANTICIPATION—PRIORITY OF INVENTION—PRESUMPTIONS.
   Letters patent No. 304,863, to Henry Root, for a track brake for railway cars, was not anticipated by the prior patent issued to Patterson September 25, 1883, for the Root patent was issued after a hearing on an interference therewith in the patent office; and in such cases, if the two patents cover the same invention, the issuance of the last one is *prima facie* evidence that the patentee thereof was the first inventor.

2. SAME—INVENTION—AGGREGATION—CAR BRAKES.
   The Root patent is not void as being a mere aggregation of old elements, for the brake consists of two toggle levers, one operating upon the other, which is attached to the shoe, thus achieving a new and useful result, sufficient, when aided by the presumption of novelty and utility arising from the issuance of the patent, to sustain the same.

3. SAME—INFRINGEMENT—COLORABLE DIFFERENCE.
   The patent is infringed by a car brake which is the same in construction and operation, excepting that in the patent the first toggle lever is connected directly with the rock shaft, while in defendant's device it is connected therewith by an intermediate rod or link.

In Equity. Bill by the Pacific Cable Railway Company against the Butte City Street Railway Company for infringement of a patent. Decree for complainant.

*Wm. F. Booth* and *Dixon & Drennen,* for complainant.

*Geo. H. Knight, F. T. McBride,* and *Geo. Haldorn,* for defendant.

KNOWLES, District Judge. Plaintiff is the assignee of patent No. 304,863, issued by the United States to one Henry Root for a track brake for railway cars. Plaintiff sues defendant in this action for an infringement of these letters patent. The suit is one in equity, asking for an accounting from defendant for the profits it may have derived by the use of said brake, and to restrain defendant from any further use of said brake device, and for other relief. The defendant makes several defenses to this action of plaintiff. They are: *First,* noninfringement of said letters patent; *second,* anticipation of the device named in the patent; and, *third,* that the claim of plaintiff is for an aggregation of elements, and not patentable.

Considering the first defense, it appears to the court from the evidence that the two brakes of plaintiff and defendant respectively are substantially the same. They are used in the same way, and intended to accomplish the same end. There is no pretense on the part of defendant but all the mechanical contrivances in the one are the same as those in the other, save as to one feature. This feature is the manner in which the knee toggle levers in each brake are connected to a rock shaft. Each device has what is called a rock or rocking shaft, and each has knee or toggle levers

attached to a block or shoe which presses upon the railway track. In complainant's device the toggle lever, Q, to which are attached the other toggle levers, which are attached to the shoes, is connected directly with the rock shaft of its device, while in the device of defendant the toggle lever, Q, is attached to a rod, which is attached to the rock shaft. I cannot see that in the operation of the brake this rod acts in any other way than as a means of connection with the rock shaft. It is, then, a means of making an indirect connection between said toggle lever and said rock shaft, instead of a direct one. The witness for the complainant, William H. Smyth, said in his evidence:

"Comparing the defendant's construction, as illustrated in the drawing, Exhibit D, with this description of the patent, I find essentially the same construction as described in the patent, a slight modification, however, being introduced, to conform to the requirements of the particular car track to which the brake mechanism is attached. * * * The modification which I have described in no wise changes the principle of the brake mechanism, or its method of operating, from that described in the patent, Exhibit A."

In the evidence of Jesse M. Smith, witness for defendant, the only thing which he claims as connected with defendant's device that makes it different from plaintiff's device is that in the brake as constructed by defendant the brake might be separated from the rock shaft, and operated by another appliance, or one could be separated and one operated. It is not pretended, however, that defendant's brake was operated by any other means than the rock shaft; only that it might be otherwise operated,—how, does not fully appear. It would appear to me, then, that, as operated, the two devices are substantially the same. The connecting the toggle lever, Q, with the rock shaft by means of a rod or "link," as it is sometimes called, is only a colorable variation from the device of plaintiff, and does not prevent the device or mechanical structure of defendant from being substantially the same as that of plaintiff, and an infringement thereof. *Ives* v. *Hamilton's Ex'r*, 92 U. S. 426; *Machine Co.* v. *Murphy*, 97 U. S. 120.

I do not think there is any device which fully anticipates plaintiff's, unless it be that of the patent of Patterson. That toggle joints were used before is abundantly established. They were used in printing, and hay, and perhaps other, presses. But it does not appear that they were ever used in the manner as here used by plaintiff, in a car brake, unless they were so used in the Patterson device. They were never used to produce the result achieved in these brakes, and no device is shown that had the form of this. There may be a patentable invention discovered when old elements are so combined as to produce a new and useful result. *Loom Co.* v. *Higgins*, 105 U. S. 591. This, I think, occurred in these car brakes. Did the Patterson brake anticipate that of plaintiff? That car brake is very similar in some respects, if not in all, to that of plaintiff. The witness Jesse M. Smith in his cross-examination says "that it is his opinion that the form of connection in the Patterson brake is not strictly an equivalent for that in the patent of plaintiff." I am not pre-

pared to say that the two brakes are not substantially the same. Both perform the same functions in about the same way. I am not, however, forced to decide as to the substantial identity in mechanism of these two brakes. There is another point more satisfactory to me upon which I can rest my decision. The evidence is uncontradicted that Henry Root, the patentee of plaintiff's patent, had as early as 1882 prepared a model of his brake, and in 1883, early in the spring, had put his invention into practical use upon some of the street cars in San Francisco. Patterson made his application for his patent on February 10, 1883, and the patent bears date of September 25th of the same year. There is no evidence of any connection between Root and Patterson. The first lived and made his model in San Francisco, Cal., and the latter in Philadelphia, Pa. We have here presented the question of priority. Which one of these must be considered the first inventor? "The settled rule of law is that whoever first perfects a machine is entitled to a patent, and is the real inventor." *Reed* v. *Cutter,* 1 Story, 600; *Agawam Co.* v. *Jordan,* 7 Wall. 602; *Loom Co.* v. *Higgins,* 105 U. S. 580; *Whitely* v. *Swayne,* 7 Wall. 685. "There is but one issue of fact in an interference suit. That issue relates to the dates wherein the interfering matter was respectively invented by the interfering inventors. If the complainant's invention is the older, the defendant's claim is void for want of novelty." Walk. Pat. § 317. There is no evidence as to when Patterson perfected his machine or invented the same. The granting of letters patent by the commissioner of patents, when lawfully exercised, is *prima facie* evidence that the patentee is the first inventor of that which is described and claimed in them. *Seymour* v. *Osborne,* 11 Wall. 516–538. Where there is an interference claimed before the commissioner of the patent office, "the decision of the commissioner is *prima facie* evidence in favor of the patent last granted, because, it is said, he would not have granted it if he had not decided it to be entitled to priority in point of date of invention." Walk. Pat. § 318; *Sewing Machine Co.* v. *Stevenson,* 11 Fed. Rep. 155; *Folding Box Co.* v. *Rogers,* 32 Fed. Rep. 695. It would seem that there were two hearings between Root and Patterson as to interference of their inventions. At the first, Root's application was rejected; in the second, this ruling was reconsidered, and a patent awarded him. Under these circumstances, it would appear that, if there is any interference between the two patents, the commissioner must have decided in favor of Root. The commissioner of patents does issue at times two patents for the same invention, to different persons. In so doing he must, in effect, decide that the person who obtains the last patent was the first inventor. The evidence of the date at which Root made his model and put his invention into practical use is not disputed. Under these circumstances, I hold that Root was the first inventor of the car brake in evidence.

I do not think that the point is well taken that this brake is only an aggregation of elements, and hence not a patentable combination. In the case of *Seymour* v. *Osborne, supra,* the supreme court said:

"Particular changes may be made in the construction and operation of an old machine so as to adapt it to a new and valuable use not known before, and to which the old machine had not been, and could not be, applied without these changes; and under these circumstances, if the machine as changed and modified produces a new and useful result, it may be patented, and the patent will be upheld under existing laws."

It seems to me that this was what was done in this particular patent. It is in evidence that in San Francisco there had been a brake constructed somewhat like this, but having only one pair of toggle levers to one shoe. In this there are two pairs of such levers, and a new and useful result is reached. It is not the case of an aggregation of elements or parts. An aggregation not patentable is one where each part performs its own function independently of the other parts, and no new result is produced. *Hailes* v. *Van Wormer*, 20 Wall. 353; *Reckendorfer* v. *Faber*, 92 U. S. 347. While in this case the parts are old, a new and useful result, I think, is reached by their combined action. I am strengthened in this view by the fact that the commissioner issued the patent to Root. This makes the patent *prima facie* evidence of both utility and novelty. *Cantrell* v. *Wallick*, 117 U. S. 689, 6 Sup. Ct. Rep. 970; *Lehnbeuter* v. *Holthaus*, 105 U. S. 94. And so strong is this presumption that it can be overcome only by evidence which establishes this want of novelty or utility beyond a reasonable doubt. I therefore find that plaintiff is the owner of letters patent numbered 304,863, bearing date September 9, 1884, as assignee of Henry Root, to whom the same were issued; that Henry Root was the original and first inventor of the car brake described in said letters; that the defendant has infringed said letters patent by the use of said car brake without the consent of plaintiff; that said car brake was not anticipated by that of the Patterson car brake; that the claim of defendant is not a nonpatentable aggregation of well-known elements; that plaintiff is entitled to the injunction prayed for in its bill.