### ANDERSON v. MONROE et al.

(Circuit Court, W. D. Pennsylvania. April 5, 1893.)

#### No. 38.

1. PATENTS FOR INVENTIONS—VALIDITY—INVENTION—MANTELS.
    Design patent No. 19,872, issued June 3, 1890, to W. Anderson, for a design for mantels, is valid, as showing invention, inasmuch as the elements, though old, are combined in a new and harmonious design, which presents a different impression to the eye from anything that preceded it.
2. SAME—INFRINGEMENT—DEFENSE—ABANDONMENT.
    In a suit for infringement of a patent, where the defense is public sale and the use of the patented device more than two years before the patent was applied for, the burden of proof is on the defendant; and the defense is not sustained by evidence which leaves in doubt the identity of an exhibit which embodies the device, and is alleged to have been so sold.

Suit by William Anderson against W. T. Monroe and Edward T. Germain for the infringement of a patent. Bill dismissed as to Germain, and decree for complainant as to Monroe.

W. L. Pierce, for complainant.
W. Bakewell & Sons, for respondent.

BUFFINGTON, District Judge. This bill is filed by William Anderson against W. T. Monroe and Edward T. Germain, alleging infringement of design patent for mantels, No. 19,872, applied for by Anderson 20th February, 1890, and granted June 3d following. The design is known as the "Anderson AA Mantel." On application

the bill was heretofore dismissed, as to Germain, for want of jurisdiction. The answer of Monroe, the respondent, admits that in August, 1890, he sold mantels of the design shown in the letters patent sued on, but that he did not then know of the grant thereof; denied subsequent infringement; averred that complainant, having before the grant of the patent sold mantels of the design in controversy, continued to sell them thereafter without marking them "Patented," together with the date of the patent; denied novelty and patentability in the design. In a supplemental answer, public sale, use, and exposure to sale, of the designed device, more than two years previous to the application, were alleged.

On the question of the novelty and patentability of the design there is a prima facie presumption from the grant of letters patent. Railroad Co. v. Stimpson, 14 Pet. 448; Seymour v. Osborne, 11 Wall. 516; Smith v. Dental Co., 93 U. S. 486; and Lehnbeuter v. Holthaus, 105 U. S. 94. While this particular design was not before this court in the prior litigation, yet the BB design, which was issued the same day as this, and between which and this there is a generic similarity, was sustained in Anderson v. Saint, (No. 22; November term, 1890,) 46 Fed. Rep. 760; and to the design now in controversy we may apply and adopt the language of that case:

"Keeping in mind the limitations and principles of the cases I have cited, I think the design shows invention. It is necessarily a small invention. The complainant was restricted within narrow limits. His mantels must conform to the general shape and configuration of mantels, to be of any utility. To be marketable, the design must be simple, not elaborate. Remembering this, the design shows invention. * * * It is a conventional design, and, while some of its elements are old, still the combination has been into a new and harmonious design. * * * It presents a different impression to the eye from anything which has preceded it, and is pleasing and attractive. The testimony shows that complainant's mantel has commended itself to the trade, and immediately became popular. This public acceptance is to be considered as persuasive in favor of the patent."

We are of opinion the design must be sustained.

So, also, on the question of prior use, sale, and exposure, we feel the respondent has not met the burden of proof cast upon him; for, not only is the burden of proof to make good this defense upon the party setting it up, but it has been held that "every reasonable doubt should be resolved against him." Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. Rep. 970. Measured by this standard, the proof falls short. In a case between the same parties, No. 39, November term, 1891, (55 Fed. Rep. 398,) involving the BB design, we have noted the general facts, the relation of the parties, etc. It is contended that the order of February 2, 1888, from Heckert & McCain to Anderson, there discussed, included the A mantel; that it was charged in the Heckert & McCain invoice, by Anderson, at $2.50, and was included in the invoices of February 9th and February 11th; that it was sent to the Schmidt house along with the mantels in dispute in that case. No such mantel is now in the Schmidt house, and it is contended by counsel that the failure to find any is to be accounted for by

the fact noted in that case,—that two A mantels were returned on March 16th. This is but an explanation, and is not proven as a fact, nor is any A mantel produced. In view of the peculiar facts shown in regard to these Schmidt house mantels, we feel the production and identification of the alleged A mantel is a burden resting upon the party here setting it up as a prior sale to defeat this patent. We would not be understood as laying down any general rule in regard to the production of such exhibits. Each case must rest on its own facts, but in this case, and under its peculiar facts, we are of opinion the complainant should not be deprived of his property, viz. the patent, in the absence of this vital evidence. It is true the entry in the Schmidt invoice of February 21st shows a purchase of two A mantels from Heckert & McCain; but Mr. Morrow, the manager, on whose testimony these transactions rest, does not seem to regard this as conclusive, and says the lettering may be incorrect. In view of the fact that he has used in this particular entry both letters and figures, "2A, 1-2, 1-3," to designate the mantels, (a difference in designation for which there must have been some reason;) of the fact, as he says, that he "used the numbers until his [Anderson's] mantels came to be known to us by letters;" that Shuette, with whom Heckert & McCain also dealt, used the letters "A," "B," and "C," etc., to designate his mantels,—it is not impossible to reconcile the seeming conflict of testimony by the fact that the numbered mantels in this entry were Anderson's and the lettered were Shuette's. The uncertainty and grave doubt in which the identity of the alleged A mantel in the Schmidt house is left by the proofs is sufficient to warrant us in saying that prior sale, use, etc., have not been made out, and renders it needless to discuss such further evidence as we may say satisfies us that the A design had not been perfected by Anderson when these shipments were made by him on February 9th and 11th. Let a decree be prepared.