KRAATZ et al. v. TIEMAN.

(Circuit Court, E. D. Missouri, E. D. March 25, 1897.)

1. PATENTS—NOVELTY AND INVENTION—ORAL EVIDENCE OF PRIOR CONSTRUCTIONS.
    Oral testimony as to prior constructions alleged to have been similar to that of the patent is insufficient to overcome the prima facie case made by the patent, when such evidence is merely from memory, and concerns events and matters of routine occurring from 8 to 15 years before, and which were not at the time considered of any special importance.

2. SAME—PUBLIC USE—EVIDENCE.
    The defense of public use more than two years prior to the application is not sustained by indefinite and unsatisfactory oral evidence, mostly of interested witnesses, as to the fact of the public use and the identity of the construction.

3. SAME—IMPLIED LICENSE—ADMINISTRATIVE SALE.
    An implied license to make and use does not pass by an administrator's sale of the licensee's place of business, including a few articles covered by the patent.

4. SAME—EXHIBITING CASES.
    The Kraatz patent, No. 392,038, for an improved case for exhibiting decorative art, held valid and infringed.

This was a suit in equity by Henry W. Kraatz and others against Fritz Tieman for alleged infringement of a patent for an improved case for exhibiting decorative art.

E. J. O'Brien, for complainants.
F. & E. L. Gottschalk, for defendant.

ADAMS, District Judge. This is a suit to restrain the alleged infringement of letters patent of the United States, No. 392,038, for an improved case for exhibiting decorative art, granted to complainants October 30, 1888. The defenses are (1) that the patent

is void for want of novelty and patentable invention; (2) that complainants' device was in public use and on sale for more than two years prior to their application for a patent; (3) that complainants' conduct conferred upon defendant an implied license to make and use the patented device; (4) that complainants are barred from equitable relief in this case by reason of laches.

The letters patent are prima facie evidence of novelty and patentable invention. Smith v. Vulcanite Co., 93 U. S. 486; Lehnbeuter v. Holthaus, 105 U. S. 94. Every reasonable doubt must be resolved in favor of the validity of the patent. Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970. The answer of the defendant contains no notice of any anticipatory patents, and none are offered in evidence to illustrate the prior state of the art. Defendant, in support of his first defense, relies exclusively upon oral testimony to the effect that cases like the complainants' device had been constructed and sold by one August Stiefel prior to the application for the patent sued on. He offers the testimony of several witnesses, most of whom were in the employ of Stiefel prior to 1895, the date of his death, and some of whom thereafter entered and now are in the employ of the defendant. These witnesses all testify, without any apparent aids to their memory, concerning events which occurred from 8 to 15 years ago, and which at that time were matters of routine, and not considered of any special importance. Most of these witnesses are indefinite and uncertain in regard to the time when Stiefel manufactured these cases, and equally so as to the exact character of his manufacture. Neither the defendant nor any of his witnesses produce any specimen of the case proved to have been constructed by Stiefel prior to complainants' invention. If their evidence is true, it would seem that some one of such cases properly identified as in existence before 1887, the date of complainants' invention, could readily have been produced. The evidence of the witnesses, such as it is, uncorroborated by the production of any specimen of the alleged anticipating device, antedating the complainants' invention, is not sufficient to overcome the prima facie evidence found in the letters patent, of their own validity. The Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450; Deering v. Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118; Haughey v. Meyer, 48 Fed. 679; Roll-Paper Co. v. Weston, 8 C. C. A. 56, 59 Fed. 147.

Concerning the second defense, I am not satisfied from the evidence that the complainants allowed their invention to be in public use or on sale for more than two years before their application for a patent. The defendant's evidence on this issue is so confused with the evidence of the alleged pre-existing invention of Stiefel that it is difficult to find any evidence distinctively supporting this second defense. Besides this, the defendant has not identified or produced any specimen of the invented article as sold or used two years prior to complainants' application for a patent; and the court is left, as in the first defense, to the unsatisfactory oral evidence, mostly of interested witnesses, both as to the fact of abandon-

ment to public use, and as to the identity of the thing so abandoned with the thing invented. This defense is therefore not sustained.

The third defense is that Stiefel had during his lifetime an implied license to manufacture and sell the patented article. If there were any satisfactory evidence sustaining this defense, it is not apparent how such license can be availed of by defendant Tieman. Stiefel died in 1895, and defendant Tieman thereafter became the purchaser at administrator's sale of the property in Stiefel's place of business, including a few of the infringing cases. There is no pretense that this supposed license was assigned to defendant, and there is no claim that the defendant has limited his use and sale of the patented device to such cases as he purchased from Stiefel's administrator. If Stiefel could be held to have had an implied license to make and use the invented article, such license was limited exclusively to him, and did not pass by the administrator's sale to the defendant as his assignee. Hapgood v. Hewitt, 119 U. S. 226, 234, 7 Sup. Ct. 193; Oliver v. Chemical Works, 109 U. S. 75, 82, 3 Sup. Ct. 61.

Concerning the defense of laches, it may be said that the evidence disclosed no infringement of complainants' rights, except by Stiefel, prior to his death, in 1895, and by defendant since then. Upon complainants' first receiving notice that Stiefel was infringing their rights, negotiations were had between complainants and Stiefel relative to the latter's use of the patented device, but no final contract was concluded. Afterwards Stiefel's use appears to have been clandestine in character and limited in extent; so that it is altogether likely that even Stiefel could not claim that complainants' failure to assert their rights against him during his lifetime constituted, under the circumstances, any such laches as would render it inequitable for them to have prosecuted their claims against him. And this is much more true as to defendant Tieman. As already seen, he did not acquire any of Stiefel's rights (whatever they may have been) to the use of the patented device, except, possibly, so far as the few cases purchased by him at the administrator's sale is concerned. His dealings brought him into relations with complainants' invention in the summer of 1895. This suit was brought in March, 1896. The proof, in my opinion, shows due diligence on the part of the complainants in instituting proceedings to protect their patent against the defendant, and certainly there do not appear to be any circumstances connected with the delay prejudicially affecting the defendant. There will be a decree for an injunction and accounting, and counsel may prepare the same and submit it to me.