## THOMAS ROBERTS STEVENSON CO. v. McFASSELL.

(Circuit Court of Appeals, Third Circuit. November 28, 1898.)

### No. 36.

1. PATENTS—INVENTION—PRACTICAL SUCCESS OF DEVICE.
    In a doubtful case, the fact that the patented device has gone into general use, and superseded other devices, may be sufficient to turn the scale, and support the presumption of patentability arising from the grant of the patent.
2. SAME—IMPROVEMENT IN RANGES AND STOVES.
    The Hayes patent, No. 310,276, for an improvement in ranges and stoves, covers a true combination, and discloses patentable invention, and is valid.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Henry Everding and A. v. Briesen, for appellant.
Joshua Pusey, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and KIRKPATRICK, District Judges.

ACHESON, Circuit Judge. This suit was brought by the Thomas Roberts Stevenson Company against Harry W. McFassell, Jr., for the infringement of letters patent for an improvement in ranges and stoves, being No. 310,276, and dated January 6, 1885, granted to Isaac Hayes, and by him assigned to the complainant below, who is here the appellant. The specification of the patent thus sets forth the invention:

"My invention consists in constructing a portable cooking range in which the circulating boiler rests in a horizontal position upon a supporting frame secured to the top of the range, with circulating pipes connected to the boiler, and with the water-back in the fire chamber, the object of which is to dispense with brickwork, and thus lessen the cost, and to economize space, and render the parts easy of access in case of repairs or cleaning."

The nature of the patented improvement is well stated by Mr. Livermore, the complainant's expert, who testifies thus:

"The Hayes patent shows and describes a cooking and water-heating apparatus comprising a portable cooking range and a hot water circulating boiler, and a supporting frame for the circulating boiler, itself supported upon the body of the range, the said boiler being connected by circulating pipes with the water-back in the range. The said parts constitute a complete cooking and water-heating apparatus, all parts of which are structurally correlated to one another, so that they can be made up at the shop or factory as a complete apparatus, instead of, as in prior apparatus for this purpose, being made as separate manufactures requiring structural and machine work at the place of the erection of the apparatus for use."

The claim of the patent is in the words following:

"The combination of the portable range, A, uprights, C, C', plate, E, warming shelf, F, boiler, D, and pipes, B, B', substantially as shown and described."

This combination includes the range proper, the boiler supporting frames secured to the top of the range, the horizontal circulating boiler supported upon the frame, and the connecting pipes between the boiler and the water-back. These elements together constitute an article in complete form, ready to be set up for use at any desired place, the structural work and skilled labor required at the point of installation in the case of the previously used brick-set ranges being wholly dispensed with. The claim is not for a mere aggregation. The essence of a true combination is here found, namely, a co-operative union of elementary parts effecting one practical result. The calls for the "plate, E," and "warming shelf, F," may impose unnecessary limitations upon the patentee, but they do not vitiate the claim.

We do not find that this improvement was disclosed or suggested by any of the prior patents set up in defense. The Whiteley patent of 1863 is the most pertinent reference, but it falls far short of being anticipatory. It shows a brick-set range of very complicated construction, and the analogy between it and the Hayes structure is remote. Indeed, the Whiteley patent contains no hint of a cooking and water-heating apparatus, the elements of which are structurally combined so that the whole apparatus can be produced as an article of manufacture, ready for use wherever needed. The evidence satisfies us that the constituents of Hayes' claim were never previously combined in the manner stated in his patent. In fact his structure was new.

In respect to the utility of the Hayes improvement, the proofs are full and convincing. Not only does his construction dispense with all brickwork, so that the range of the patent can be set up for use as readily as a portable cooking stove, but the original cost of the article is greatly reduced. A saving of fuel is also effected, while an increased supply of hot water is secured. Kitchen space is economized. The parts are more easily accessible for purposes of repairs and cleaning than in the old form of construction. The advantages of the patented range are such that it has met with great public favor, and has largely displaced the old brick-set range.

Looking at the subject in the light of all the evidence, we are not able to concur in the conclusion of the circuit court that the Hayes construction did not involve any exercise of the inventive faculty. Upon the question of patentable novelty and usefulness, the proofs, we think, sustain the action of the patent office in allowing the patent. The presumption of patentability arising from the grant of the patent (Lehnbeuter v. Holthaus, 105 U. S. 94) has not been overthrown. Moreover, in a doubtful case the fact that the patented device has gone into general use, and superseded other devices, may be sufficient to turn the scale. Smith v. Vulcanite Co., 93 U. S. 486. Upon the entire proofs it is our judgment that the Hayes patent is valid. That the defendant infringes the

claim is clearly shown. The decree of the circuit court is reversed, and the cause is remanded to that court with direction to enter a decree in favor of the complainant in the bill.