## WHEEL TRUING BRAKE SHOE CO. v. CAR WHEEL TRUEING BRAKE SHOE CO.

### (Circuit Court, W. D. New York. August 1, 1903.)

### No. 169.

**1. PATENTS—INFRINGEMENT—ABRADING SHOE FOR CAR WHEELS.**
    The Hoffman patent, No. 605,056, for an abrading shoe for truing up car wheels, *held* valid and infringed.

In Equity. Suit for infringement of letters patent No. 605,056, for an abrading shoe for truing up car wheels, issued to William M. Hoffman May 31, 1898. On final hearing.

C. W. Parker (Parker & Burton, of counsel), for complainant.
Cohn & Chormann, for defendant.

HAZEL, District Judge. This action was brought against the defendant for infringement of certain letters patent No. 605,056, issued to William M. Hoffman, assignor of Judson M. Griffin, who afterwards assigned to the complainant. The invention described by the specification is asserted to be an improvement in "abrading shoes for truing up car wheels." The patent has three claims. The first sufficiently sets them forth, and reads as follows:

"(1) An abrading shoe adapted to be used for truing up car wheels, having in combination a metallic shell and a filling of abrading material, and provided with clearance holes, substantially as described."

The answer alleges noninfringement, anticipation, prior uses, and other defenses. The case comes before the court upon a prima facie showing of infringement. No testimony was offered in behalf of the defendant, and none of the patents pleaded in anticipation are before me. The specification shows a grinding brake shoe, which may be substituted, whenever the wheel needs smoothing, for the ordinary brake shoe, or may entirely displace it. The invention is adapted to brake the wheel and to simultaneously grind the circumference,

which is apt to become uneven or flattened by use, imparting to it a smooth and circular surface. It is practically admitted that abrading shoes having depressed pockets, such as the patent in suit, filled with abrading material, are old. The claim to patentability and novelty appears to consist in the combination of the filled depressions or pockets and the cavities or openings between them. The form of the brake shoe is arched, the frame being of metal. The cavities are adapted to receive the detritus or fragments worn away from the surface of the wheel by the abrading shoe. The invention is not a very weighty one. Doubtless, however, it was an advance in the state of .the art. There is nothing before me to remove the presumption of patentability and novelty to which complainant's patent is entitled. Lehnbeuter v. Holthaus, 105 U. S. 94, 26 L. Ed. 939. Complainant's Canadian patent for this identical invention was sustained in the Exchequer Court of Canada as to its validity and novelty. Although not an authority, the novelty of the invention is certainly strengthened by this decision. Except for a slight difference in the shapes of the pockets, which are oblong, with narrow openings in their sides, the defendant's brake shoe is practically the same as complainant's.

A decree may be entered for complainant, with costs.