PHŒNIX KNITTING WORKS et al. v. HYGIENIC FLEECED UNDERWEAR CO.

(Circuit Court, E. D. Pennsylvania.    October. 9, 1911.)

No. 597.

1. PATENTS (§ 81*)—PRIOR USE—EVIDENCE.

In order to establish prior use of an invention to defeat a patent, the date of the alleged anticipation must be shown by evidence that is clear, certain, and precise, and beyond a reasonable doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 104; Dec. Dig. § 81.*]

2. PATENTS (§ 168*)—VALIDITY—CHANGE IN LANGUAGE OF CLAIM.

A claim of a patent is not invalid because its language was changed to meet the views of the examiner in the Patent Office, where the invention covered is the same described and claimed in the application.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 244; Dec. Dig. § 168.*

Amendment of application, see notes to Cleveland Foundry Co. v. Detroit Vapor Stove Co., 68 C. C. A. 239; Hestonville, M. & F. Pass. Ry. v. McDuffee, 109 C. C. A. 613.]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—MUFFLER.

The Mead patent, No. 963,235, for an improvement in mufflers, held not anticipated, valid, and infringed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Phœnix Knitting Works and the Bradley Knitting Company against the Hygienic Fleeced Underwear Company. On final hearing. Decree for complainants.

See, also, 194 Fed. 696.

Winkler, Flander, Bottum & Fawsett, Henry N. Paul, and Joseph C. Fraley, for complainants.

Hector T. Fenton, for defendant.

WITMER, District Judge. The complainants in their bill allege that they are the owners, by assignment from one Joseph S. Mead, of letters patent No. 963,235, dated July 5, 1910, issued by the United States Patent Office on application, filed August 9, 1909, for an improvement in mufflers. The bill contains the usual averments that said alleged improvement constituted an invention; that it was not previously patented or otherwise known, nor in prior public use by others; that said complainants had introduced it into extensive public use; concluding with a charge of infringement by defendant and praying for an accounting and the issuing of injunctions, both preliminary and perpetual. The defendant's answer denies that the invention was novel, that it embodies patentable subject-matter, and that the claim is infringed. Whether it was infringed depends upon the scope and character of the patent in suit, the result to be accomplished, and how it compares with the product of the defendant.

The invention is adequately described in the specification of the patent and is sufficiently set forth in claim 1, which reads as follows:

"1. As a new article of manufacture, a knit scarf consisting in the combination of two elongated rectangular end members and a central V-shaped member, formed integrally, and having parallel upper and lower marginal edges."

The result to be accomplished by providing the neck portion of a muffler with a V-shaped angle, it seems, is twofold: The offset portion is adapted to extend downwardly along the back of the wearer, when the muffler is adjusted about the neck, and the point or apex of the angle has a tendency to draw inwardly toward the back and cause this portion to lie flat against the back of the wearer, thus tending to prevent the neck portion from wrinkling or folding into a mere rope around the neck, and furthermore to protect the glands or side of the neck.

The muffler, of the patent in suit, is centrally offset in a V-shaped angle, substantially identical with the central part of the neck portion of the mufflers produced, as manufactured by the defendant. In the patent, it is true, the angular offset of the neck portion is not so marked or extensive as appears in the defendant's mufflers, and as shown by the Tyrrell, Meyers, and Rosenfelt applications, compared by the examiner of the Patent Office on interference with the Joseph S. Mead; but I do not consider this difference as material. The real invention embodied in all these exhibits, while slightly differing in form, discloses one invention in substance which is covered by claim 1 of the patent. The rule was stated by Mr. Justice Clifford, in delivering judgment in the case of Machine Co. v. Murphy, 97 U. S. 120–125, 24 L. Ed. 935, where he said that:

"In determining the question of infringement, the court or jury, as the case may be, are not to judge about similarities or differences by the names of things, but are to look at the machines or their several devices or elements in the light of what they do or what office or function they perform, and to find that one thing is substantially the same as another, if it perform substantially the same function in substantially the same way, to obtain the same result; always bearing in mind that devices in a patented machine are different in the sense of the patent law when they perform different functions or in a different way, or produce a substantially different result."

Tested by this rule, the charge of infringement made against the defendant is clearly made out.

The defendant has set up two alleged anticipating patents, to wit: United States letters patent to J. C. Scott. No. 885,872, dated April 28, 1908, and applied for December 20, 1907; and Canadian letters patent to A. B. Tyrrell, No. 112,770, dated June 30, 1908. The depositions of Joseph S. Mead, corroborated by William Weimer and Herman Gardner, although bearing in mind that the same character of conclusive and convincing proof is required of a patentee seeking to establish an earlier date of invention as is required of a defendant seeking to establish an anticipating date, show conclusively that the Mead invention was made not later than April, 1907, when scarfs or mufflers fully embodying it were produced at the factory of one of the complainants and sold to the public. Hence the applications for the Scott and Tyrrell patents following this date do not anticipate.

[1] The defendant made an effort to prove alleged purchase and resales of mufflers, in 1906, of the type in suit, by a certain New York dealer, Max M. Myers. No book entries or records of any kind in relation to the transaction are produced. The mufflers were sold to a person in Alaska; hence a full description of the same also rests in memory. The transaction, if it did occur, may have been at a later date. It is such a common experience that witnesses called to prove an anticipation make a mistake in their dates, where they are testifying solely from recollection and not from dated records, that very little reliance whatever is to be placed upon such testimony. It is a familiar rule that, in order to prove an instance of prior use of an invention, the date of the alleged anticipation must be clear, certain, and precise beyond any reasonable doubt. The testimony of the witnesses offered does not afford the proof required for the purpose intended.

The established principle in weighing such evidence is thus stated by the Supreme Court of the United States:

"The burden of proof is upon the defendants to establish this defense. For the grant of letters patent is prima facie evidence that the patentee is the first inventor of the device described in the letters patent and of its novelty. Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486 [23 L. Ed. 952]; Lehnbeuter v. Holthaus, 105 U. S. 94 [26 L. Ed. 939]. Not only is the burden of proof to make good this defense upon the party setting it up, but it has been held that 'every reasonable doubt should be resolved against him.' Coffin v. Ogden, 18 Wall. 120, 124 [21 L. Ed. 821]; Washburn v. Gould, 3 Story. 122, 142 [Fed. Cas. No. 17,214]." Cantrell v. Wallick, 117 U. S. 695, 6 Sup. Ct. 973, 29 L. Ed. 1017.

Nonpatentability is asserted in the answer upon the ground that the central V-shaped portion of said muffler involved no inventive idea, but was the result of common mechanical skill. The claim in this particular bearing the approval of the Patent Office, not in a mere formal way, but after careful examination brought about by contest, lends weight against such assertion.

It may be true, as defendant asserts, that this invention, when once disclosed, is apparently quite obvious and simple. This is the case with many inventions. The inference is often, indeed usually, fallacious, since the important consideration is: If so simple, why had it not been done before?

It appears that from 4,000,000 to 5,000,000 of these patented neck scarfs were sold during the past year, and that they met with instant favor when produced. It· is not likely that a scarf, for which there appears to be such a demand, would not have been placed upon the market long before· if it could have been produced by persons of ordinary skill.

The record however furthermore discloses that an expert knitter, engaged by the defendant in the manufacture of such garments, realizing the need and importance of a shaped neck muffler, after some experiments, was unable to produce such to his satisfaction until knowledge was communicated to him of the plaintiff's invention.

[2] Nor is the patent invalid because of claim 1 having been read into it by the examiner on which the several applications were placed on interference. This claim did no violence to the oath appended to the application. By it the examiner only expressed in different words and phrases the invention described and claimed by ·Mead in his application filed, and of those competing with him. The case differs, in this particular, from Steward v. Am. Lava Co., 215 U. S. 161, 30 Sup. Ct. 46, 54 L. Ed. 139, cited by defendant's counsel, wherein it was decided that an oath was required to sustain· the amendment. This for the reason, as said by Mr. Justice Holmes:

"It appears to' us plain that Dolan's attorney introduced not merely the theory, but the mode of applying it, for the first time, in the amended specifications; or, in other words, then for the first time pointed to an invention. * * * This being so, the amendment required an oath that Dolan might have found it difficult to take, and for want of it, the patent is void."

[3] The conclusion of the court is that the patent is valid, and that claim 1 'thereof has been infringed by the manufacture and sale of defendant's mufflers. It follows that the complainants are entitled to the relief sought by their bill, and that defendant should be enjoined from further infringement, which is, accordingly, so ordered and adjudged, with costs of suit to be taxed against the defendant. The usual reference may be had, if desired, by complainants. ·