**RACHLIN et al. v. WATSKY et al.**

Circuit Court of Appeals, Second Circuit.
January 14, 1929.

No. 156.

L. H. Klugherz, of New York City (Henry J. Lucke, of New York City, of counsel), for appellants.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ▉ If the patent in suit is valid, we entertain no doubt that the hanger sold by defendants is an infringement. Claim 1, the only claim in issue, reads as follows:

"1. A gutter hanger comprising a bar extending transversely of the gutter and provided at its outer end with a hook-shaped section fitting over the bead of the gutter, the opposite end of said bar being fixedly attached to the opposite edge of the gutter, a strap member engageable with the ends of the transversely extending bar and tightly embracing the under surface of the gutter, said strap member having an extension at its outer end adapted for insertion within the beaded edge of the gutter to effectively lock the hook-shaped section in position."

Every element thus claimed is concededly present in defendants' hanger and functions in precisely the same way. Mr. Watsky so admitted on the stand. The attempt to differentiate because defendants' device is made by striking it from a single piece of metal, while plaintiffs' bar and strap are united by a rivet, cannot succeed, for reasons too recently stated by this court to need repetition. See Gibbs v. Triumph Trap Co. (C. C. A.) 26 F.(2d) 312, 314; Lamson Co. v. G. & G. Atlas Systems (C. C. A.) 14 F.(2d) 22, 23. There is nothing in the claim which requires the engagement between the bar and the strap to be effected by a rivet. In the specifications it is stated that "to the hook-shaped end of the said bar is fixed, for instance, by means of a rivet, the gutter-embracing strap." An engagement effected by making the bar and the strip integral is within the language of the claim.

When Peirez entered the field, the art was already crowded. Nineteen prior patents were cited by the defendants, 10 of which appear to have been considered by the Examiner while the application of Peirez was in the Patent Office. It is unnecessary to describe these prior patents. It suffices to say that all that Peirez added to the prior art was the idea of so fastening together the hook-shaped end of the bar and the gutter-embracing strap that the outer end of the latter should project as a tongue into the bead of the gutter, and thus lock the hook-shaped section in position over the bead of the gutter.

To the lay mind this seems like a very slight advance, hardly worthy of being called invention. Nevertheless, none of the prior patents show this precise element, and it was an improvement over anything which had before been done. Defendant Watsky testified that he found the tongue in plaintiffs' structure very useful; that the gutter was held much better than it would be if the tongue were omitted. In a crowded art, patentable novelty has often been found in slight improvements upon existing structures. Miehle Printing Press & Mfg. Co. v. Whitlock, etc., Co., 223 F. 647, 650 (C. C. A. 2); A. Kimball Co. v. Noesting Pin Tricket Co., 262 F. 148 (C. C. A. 2). Moreover, the patent has had commercial success. Rachlin testified that between 2,500,000 and 3,000,000 of plaintiffs' hangers have been sold. The manufacturer of the infringing Lupton device has paid the tribute of imitation. The Lupton device is manufactured under a later patent, No. 1,528,996, issued to Steckler, which claims:

"3. In a gutter hanger, a gutter strap adapted to extend beneath the gutter and at one end to embrace the bead thereof, and a tongue stamped from said strap near the said end and adapted to interlock with the said bead."

In the light of all this, we cannot say that defendants have overcome the presumption of validity which arises from the issuance of the plaintiffs' patent. Lehnbeuter v. Holthaus, 105 U. S. 94, 26 L. Ed. 939; Walker, Patents (5th Ed.) § 491.

The decree is reversed, and the cause remanded, with directions to enter a decree for the plaintiffs.