## DRUMHEAD CO. OF AMERICA et al. v. HAMMOND.

### No. 3164.

District Court, W. D. Pennsylvania.

June 1, 1936.

735

Julius E. Foster, of Pittsburgh, Pa., for plaintiffs.

William B. Jaspert, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Defendant contends that the patent in suit is invalid for the reason that it lacks invention. Drumheads, prior to the invention of the patent in suit, required frequent adjustment by reason of moisture and changes in temperature. The patent in suit overcomes this objection by the use of a fabric drumhead, the fabric being painted with a solution of a cellulose derivative and a plasticizer. Drumheads made in accordance with the patent in suit have gone into commercial use. The elements of the drumheads of the patent in suit are old. The combination of the elements is new. The combination was not obvious and it required the use of more than mechanical skill. The result obtained was a substantial advance in the drumhead art. In General Electric Co. v. Hagan Co., 38 F.(2d) 995, 999, 1000 (this court) it is stated:

"The combination in the Collins patent attained a new and improved result. In Boyer v. Keller Tool Co. (C.C.A.) 127 F. 130, 138, it is said:

"'The mechanical elements combined are no doubt old, and so, to a certain extent, may be the result accomplished. But nowhere do we find the same combination employed to produce it, and the efficiency attained is so much in advance of that which had gone before as of itself to suggest, if it does not prove, the exercise of inventive skill. Sessions v. Romadka, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609; Hobbs v. Beach, 180 U.S. 383, 21 S.Ct. 409, 45 L.Ed. 586; Taylor v. Sawyer Spindle Co., 75 F. 301, 22 C.C.A. 203; Stevenson Co. v. McFassell, 90 F. 707, 33 C.C.A.

249; National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 F. 693, 45 C.C.A. 544.'

"That there was a demand for such a furnace, that attempts had been made prior thereto without success to invent the same, and that the invention was a commercial success, are evidences of invention. Temco Electric Motor Co. v. Apco Manufacturing Co., 275 U.S. 319, 324, 48 S.Ct. 170, 72 L.Ed. 298; Boyer v. Keller Tool Co., 127 F. 130, 137 (C.C.A.3d).

"The combination of the elements in the Collins patent was not obvious. It required more than mechanical skill and was, therefore, patentable. Consolidated Safety-Valve Co. v. Crosby Steam-Gauge & Valve Co., 113 U.S. 157, 5 S.Ct. 513, 28 L. Ed. 939; Boyer v. Keller Tool Co. (C.C. A.3d) 127 F. 130, 137; Hildreth v. Mastoras, 257 U.S. 27, 42 S.Ct. 20, 66 L.Ed. 112; Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523; Westinghouse Electric & Mfg. Co. v. Allis-Chalmers Co. (C.C.A.) 176 F. 362; Allen v. Wingerter, 17 F.(2d) 745, 747 (C.C.A.3d)."

In Radiator Specialty Co. v. Buhot, 39 F.(2d) 373, 376 (C.C.A.3), it is stated in the opinion by Woolley, C. J., that: "Invention is not always the offspring of genius; more frequently it is the product of plain hard work; not infrequently it arises from accident or carelessness; occasionally it is a happy thought of an ordinary mind; and there have been instances where it is the result of sheer stupidity. It is with the inventive concept, the thing achieved, not with the manner of its achievement or the quality of the mind which gave it birth, that the patent law concerns itself."

We conclude that the patent contains invention.

■ Defendant further contends that the patent in suit has been anticipated by prior patents. A patent is presumptively valid. Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 348, 45 S.Ct. 117, 69 L.Ed. 316. This presumption of validity is strengthened when the patents cited are substantially the same as the patents cited as anticipatory in the hearing or consideration of the application for the patent in suit. Manell B. B. & T. Co. v. Pennsylvania Fireproofing Co., No. 2282 Equity (D.C.W.D.Pa.) March 22, 1930[1]; Fairbanks, Morse & Co. v. Stickney, 123 F. 79, 82 (C.C.A.8); Elkon Works v. Welworth Automotive Corp., 25 F.(2d) 968, 970 (D.C.E.D.N.Y.); Smokador Mfg. Co. v. Tubular Products Co., 27 F.(2d) 948, 950 (D.C.Conn.); Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 35 F.(2d) 433, 437 (C.C.A.4).

■ The test of anticipation is stated by C. J. Buffington, in the case of Hartford-Empire Co. v. Hazel-Atlas Glass Co., 59 F.(2d) 399, 411, 412 (C.C.A.3) as follows: "This court, in Skelly Oil Co. v. Universal Oil Products Co., 31 F.(2d) 427, 431, laid down what an alleged anticipation should show to defeat a patent: 'A patent relied upon as an anticipation must itself speak. Its specification must give in substance the same knowledge and the same directions as the specification of the patent in suit. Otto v. Linford, 46 L.T.(N.S.) 35, 44. It is not enough to prove that a method or apparatus described in an earlier specification can be made to produce this or that result. Flour Oxidizing Co. v. Carr & Co., 35 R.P.C. 457. A singularly sensible test of the rule of anticipation is given in British Thomson-Houston Co. v. Metropolitan Vickers Electrical Co., 45 R.P.C. 22, by asking the question—"Would a man who was grappling with the problem solved by the patent attacked, and having no knowledge of that patent, if he had had the alleged anticipation in his hand, have said: 'That gives me what I wish?'" The Pope Alliance Corporation v. The Spanish River Pulp & Paper Mills, Ltd. (Privy Council Appeals No. 33 of 1928).'"

Applying the rule as thus laid down, we conclude that the patent in suit has not been anticipated by the prior art patents, or publications cited by the defendant, not any of which contain a drumhead made of fabric, painted or coated with a cellulose derivative and a plasticizer.

■ Defendant contends that claims 12 to 19 of the patent in suit are invalid because they were inserted by amendment after original allowance of the patent; that they are broader than the original claims and that they are not supported by an oath as required by rule 48 of the patent office. The contention is based upon a rule of procedure, not upon a statute. Without deciding, it would seem that if the Commissioner of Patents had power to

---

[1] No opinion for publication.

make such a rule he would also have the power to waive the same, the same as District Courts have power to waive their rules of procedure.

In Hobbs v. Beach, 180 U.S. 383, 396, 21 S.Ct. 409, 45 L.Ed. 586, it is held that claims may be added as to "something that may be fairly deduced from the original application." Claims Nos. 12 to 19, inclusive, in the patent in suit can be fairly deduced from the original application, and we therefore conclude that they may be added and that the addition thereof, without compliance with rule 48, does not invalidate said claims.

Defendant contends that his drumheads do not infringe the patent in suit for the reason that his drumheads are pretreated with zinc chloride, that the fabric used is cotton, and that the cellulose derivative and plasticizer are applied differently to the fabric than they are applied in the patent in suit. It is conceded that the drumhead of the plaintiffs and the drumhead of the defendant each have a fabric; that each is painted with a solution of a cellulose derivative and a plasticizer. The only substantial difference between the drumhead of the plaintiffs and of the defendant being that the defendant uses a cheaper fabric and that the fabric of defendant's drumhead is pretreated with zinc chloride. This does not avoid infringement. Stebler v. Riverside Heights Orange Growers' Ass'n, 205 F. 735, 739 (C.C.A.9, 1913); Krauth v. Autographic Register Co., 285 F. 199, 202 (D.C.N.J., 1921); Theroz Co. v. United States Industrial Chemical Co., 14 F.(2d) 629, 640 (D.C.Md.,1926); Miami Copper Co. v. Minerals Separation, 244 F. 752, 768 (C.C.A.3d,1917); Tilghman v. Proctor (1880) 102 U.S. 707, 731, 26 L.Ed. 279, 1881 C.D. 163, 19 O.G. 859; Procter & Gamble Co. v. Berlin Mills Co., 256 F. 23, 29 (C.C.A. 2d, 1918).

In Theroz Co. v. United States Industrial Chemical Co., supra, it is stated: "The defendants' product includes the same substances, and in addition ethyl alcohol, but the addition of this ingredient to the ingredients specified in the claim does not avoid infringement."

In Miami Copper Co. v. Minerals Separation (C.C.A.3), supra, it is stated: "Having used the process of the patent in the first three steps in developing in the pulp the potentiality of the critical quantity of oil and air and in bringing the pulp to the point where, if permitted, it would produce the result of the patent, we feel that the defendant cannot escape infringement by taking an additional step, even though that step if taken alone avoids the patent."

We conclude that defendant's drumhead infringes the drumhead of the patent in suit.

Let a decree be prepared and submitted in accordance with this opinion.